# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv275

| | |
|---|---|
| JERRY JUSTIN TRENT, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| RICHARD B. ROBERTS, et al., ) | |
| ) | |
|     Defendants. ) | |

Pending before the Court is Defendants' Motion to Dismiss [# 7]. Plaintiff brought this action asserting federal claims pursuant to 42 U.S.C. § 1983 alleging various violations of his rights as protected by the United States Constitution. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 7].

**I.    Background[1]**

In order to attend Wake Technical Community College, Plaintiff received Federal Stafford Loans through College Foundation, Inc. (Ex. G. to Pl.'s Compl. at p. 7; Memo in Support of Pl's Compl. ("Pl.'s Memo") at ¶ 1.) Plaintiff

---

1  For purposes of ruling on Defendants' Motion to Dismiss, the Court has taken the facts from the Complaint and the numerous exhibits attached to the Complaint, as well as Plaintiff's Memorandum in Support of Plaintiff's Complaint.

-1-

consolidated the loans in 2005. (Ex. G. to Pl.'s Compl. at p. 7.) After Plaintiff defaulted on the consolidated loans, College Foundation, Inc. transferred the consolidated loan to the North Carolina State Education Assistance Authority ("NCSEAA"). (Id.; Pl.'s Memo at ¶ 1.) NCSEAA then placed the loan with Van Ru Credit Corporation ("Van Ru"), one of the collection agencies used by NCSEAA. (Ex. G. to Pl.'s Compl. at 7.)

At some point, Plaintiff called Van Ru to request a billing statement. (Pl.'s Memo at ¶ 5.) Van Ru then mailed a copy of the billing statement dated May 19, 2011, to Plaintiff. (Ex. D to Pl.'s Compl. at p. 2.) This billing statement contained the incorrect mailing address for Van Ru. (Pl.'s Memo at ¶ 6; Pl.'s Compl. ¶ 14.)

Shortly thereafter, NCSEAA sent Plaintiff a letter dated May 24, 2011, stating that it would order Plaintiff's employer to garnish his wages if he did not take actions to repay his debt. (Ex. E to Pl.'s Compl. at p. 2.) The letter informed Plaintiff that he must establish a written repayment plan by June 29, 2011, or Van Ru would collect the debt by garnishing his wages. (Id.) The May 24, 2011, letter contained the correct mailing address for Van Ru. (Ex. E to Pl.'s Compl. at p. 4; Ex. O to Pl.'s Compl. at pp. 2, 3; Ex D to Pl.'s Compl. at p. 2.) Van Ru then issued an Order of Withholding from Earnings on June 29, 2011 (Ex. F to Pl.'s Compl. at pp. 2-3), and Plaintiff's employer garnished his wages

(Pl.'s Compl. ¶¶ 14-15; Pl.'s Memo at ¶¶ 8, 15; Ex. P to Pl.'s Compl. at p. 2).

In September and October of 2011, Plaintiff attempted to make payments to Van Ru for the amount owned on the loan. (Pl.'s Compl. ¶ 15; Pl.'s Memo ¶ 7; Ex. O to Pl.'s Compl. at pp. 2-3.) Plaintiff, however, sent the payments to the incorrect address listed on the May 19, 2011, billing statement. (Ex. O to Pl.'s Compl. at pp. 2-3; Ex. D to Pl.'s Compl. at p. 2; Pl.'s Memo ¶ 7.) The United States Postal Service returned both payments to Plaintiff with the correct address listed on the envelopes. (Ex. O to Pl.'s Compl. at pp. 2-3.)

Plaintiff then sent several correspondences to NCSEAA and Defendant Wayne Johnson, the Director of Guaranty Agency and Repayment Services for NCSEAA. (Pl.'s Compl. ¶ 12; Ex. H to Pl.'s Compl.; Ex. G to Pl.'s Compl.) In one of these correspondences, Plaintiff attempted to make payment of the remainder of the debt directly to NCSEAA by submitting payment to Defendant Johnson. (Pl.'s Memo. ¶¶ 10-11; Ex. G to Pl.'s Compl. at p. 8.) In an attempt to effectuate payment, Plaintiff submitted what he described as "an electronic funds transfer instrument." (Ex. G to Pl.'s Compl. at p. 8.) This financial instrument consisted of a check made payable to NCSEAA in the amount of $55,910.94. (Ex. G. to Pl.'s Compl. at p. 9.) Plaintiff, however, had written "EFT ONLY" on the front of the check and "NOT FOR DEPOSIT," "EFT ONLY," and "FOR

DISCHARGE OF DEBT" on the back. (Id.) In addition, Plaintiff endorsed the back of the check in his name and wrote "AUTHORIZED REPRSENTATIVE" and "WITHOUT RECOURSE." (Id.)

Defendant Johnson returned the check to Plaintiff with a letter explaining that NCSEAA could not process the check and that NCSEAA is unable to arrange for an electronic transfer. (Ex. H to Pl.'s Compl. at p. 3.) In addition, Defendant Johnson explained that NCSEAA could "only accept checks or money orders as payments on borrower accounts, and those checks or money orders should have no limiting notations on them. Therefore we cannot process your check and are returning it to you." (Id.)

Plaintiff contends that Defendant Johnson damaged the payment instrument when he returned it to Plaintiff by stapling the check. (Pl.'s Memo ¶ 13; Pl.'s Compl ¶ 16.) In addition, Plaintiff contends that Defendant Johnson failed to provide him with a lawful reason for not accepting the check. (Pl.'s Memo ¶12; Pl.'s Compl. ¶ 16.) Finally, Plaintiff alleges that the debt was discharged pursuant to Section 3-603(b) of the Uniform Commercial Code when Defendant Johnson returned the check damaged and without a lawful reason. (Pl.'s Memo ¶¶ 9, 14.) Despite the alleged discharge of Plaintiff's debt, Van Ru continued to garnish Plaintiff's wages. (Pl.'s Memo ¶ 15; Pl.' Compl. ¶ 15.)

Plaintiff also contends that Defendant Richard Roberts, the Chair of NCSEAA, has not taken an oath of office. (Pl.'s Compl. ¶ 10.) As a result of his alleged failure to take an oath of office, Plaintiff contends that his official actions are unlawful and that NCSEAA is operating unlawfully because it lacks the oversight of a sworn state officer. (Pl.'s Memo. ¶¶ 2-3; Pl.'s Compl. ¶ 11.) Plaintiff further alleges that Defendant Johnson permitted the garnishment of Plaintiff's wages by the NCSEAA despite knowing that Defendant Roberts had not taken an oath of office. (Pl.'s Memo. ¶ 4; Pl.'s Compl. ¶ 12.)

Plaintiff then brought this action asserting claims against the State of North Carolina, Defendant Roberts, and Defendant Johnson. Count One asserts a Section 1983 claim against Defendants based on an alleged violation of the Fourth Amendment. (Pl.'s Compl. ¶ 17.) Count Two asserts a Section 1983 claim against Defendants based on an alleged deprivation of Plaintiff's property without due process, as guaranteed by the Fifth Amendment. (Id. ¶ 18.) Count Three asserts a Section 1983 claim based on an alleged deprivation of Plaintiff's right to a jury trial under the Seventh Amendment. (Id. ¶ 19.) Count Four asserts an equal protection claim under the Fourteenth Amendment to the United States Constitution. (Id. ¶ 20.) Plaintiff seeks in excess of $2 million in damages from the State of North Carolina and the individual Defendants. Defendants moved to

dismiss the Complaint in its entirety, and the District Court referred the motion to this Court for a Memorandum and Recommendation. The Motion to Dismiss is now properly before this Court for a Memorandum and Recommendation to the District Court.

**II.     Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendants' motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127

S. Ct. at 1965.  Nor will mere labels and legal conclusions suffice.  Id.  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255.  The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss.  Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193.  Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible.  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

### III. Analysis

#### A. The Claims Asserted against the State of North Carolina are Subject to Dismissal

Plaintiff asserts claims pursuant to Section 1983 against the State of North Carolina. The Complaint only seeks monetary damages against Defendants and

does not request injunctive relief. (Pl.'s Compl. ¶ 21.) The State of North Carolina, however, is not a "person" within the meaning of Section 1983, and Plaintiff may not maintain a Section 1983 claim against the State of North Carolina unless the State has waived its immunity from suit. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 64-66, 109 S. Ct. 2304, 2309 (1989); Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989). As the Supreme Court explained in Will:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity . . . or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

Id. at 66, 109 S. Ct. 2304.

Plaintiff has not set forth any legal argument that the State has waived its sovereign immunity for the claims asserted in the Complaint. Because the claims asserted in the Complaint against the State of North Carolina are barred by the Eleventh Amendment, the Court **RECOMMENDS** that the District Court **DISMISS** all the claims asserted against the State of North Carolina. Finally, any claims asserted against Defendants Roberts and Johnson in their official capacity are no different than a suit against the State of North Carolina and would similarly be subject to dismissal. See Will, 491 U.S. at 71, 109 S. Ct. 2304; Bright, 865 F.2d

at 626; Ballenger v. Owens, 352 F.3d 842, 845 (4th Cir. 2003).[2]

### B. The Complaint Fails to Assert an Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV, § 1. "[The Equal Protection Clause] simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10, 112 S. Ct. 2326, 2332 (1992). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Thus, in order to state a Section 1983 claim for a violation of the Equal Protection Clause, Plaintiff must allege facts that demonstrate that he was treated differently from others with whom he is similarly situated, and that the unequal treatment he experienced was the result of intentional or purposeful discrimination. Hodge v. Gansler, 547 F. App'x 209, 210 (4th Cir. 2013) (unpublished opinion).

The Complaint fails to state an equal protection claim against any of the Defendants and is subject to dismissal because Plaintiff fails to set forth any factual

---

2   It is not clear from the Complaint whether Plaintiff intended to assert official capacity claims, individual capacity claims, or both against Defendants Roberts and Johnson.

allegations demonstrating that he was treated differently from a similarly situated individual. See Morrison, 239 F.3d at 654; see also Nofsinger v. Virginia Commonweath Univ., 523 F. App'x 204, 205-06 (4th Cir. 2013) (unpublished). Moreover, there are no factual allegations demonstrating that Plaintiff was treated differently as a result of intentional or purposeful discrimination. See Morrison, 239 F.3d at 654; see also Hodge, 547 F. App'x at 210. Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** Count Four for failure to state a claim.

    **C.**    **The Complaint Fails to State a Section 1983 Claim Based on the Seventh Amendment**

The Seventh Amendment to the United States Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury." U.S. Const. amend. VII. "The Seventh Amendment demands that facts common to legal and equitable claims be adjudicated by a jury." U.S. ex rel. Drakeford v. Tuomey Healthcare Sys., Inc., 675 F.3d 394, 404 (4th Cir. 2012). The Complaint, however, fails to set forth a viable claim against any of the Defendants for a violation of Plaintiff's right to a jury trial as guaranteed by the Seventh Amendment. The Complaint contains no factual allegations setting forth how Plaintiff was denied a jury trial and what question of fact Plaintiff contends he has

a right to have determined by a jury. To the extent that Plaintiff is seeking a jury determination at this time as to whether his various actions related to the check he provided NCSEAA somehow discharged his debt, this is not the proper proceeding for such a determination. See 20 U.S.C. § 1095a; see also Bennett v. Premiere Credit of North America, LLC, 504 F. App'x 872, 879 (11th Cir. 2013) (unpublished).[3] Based on the factual allegations contained in the Complaint, there is simply no cognizable Section 1983 claim Plaintiff can assert against Defendants based on an alleged deprivation of his right to a jury trial as guaranteed by the Seventh Amendment. The Court **RECOMMENDS** that the District Court **DISMISS** Count Three.

### D. The Complaint Fails to State a Due Process Claim against Defendants

Count Two asserts a due process claim against Defendants. (Pl.'s Compl. ¶ 18.) Plaintiff does not challenge the constitutionality of 20 U.S.C. § 1095a on its face, but, rather, its application to Plaintiff. (Pl.'s Obj. to Mot. Dismiss at p. 5.) The Complaint, however, fails to state a procedural due process claim against Defendants.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that "No State shall . . . deprive any person of life, liberty or

---

3 Moreover, Plaintiff's contention that his actions in mailing the check and the actions of Defendants in refusing to accept his purported electronic transfer discharged his debt under the Uniform Commercial Code is without merit.

property, without due process of law . . . ." U.S. Const. amend. XIV § 1. In order to prevail on a procedural due process claim such as the one asserted by Plaintiff, a plaintiff must satisfy three elements: (1) plaintiff must demonstrate a constitutionally cognizable life, liberty, or property interest; (2) plaintiff must demonstrate that he or she was deprived of that interest by a state action; and (3) plaintiff must show that the procedures employed to deprive him or her of that interest were constitutionally inadequate. Sansotta v. Town of Nags Head, 724 F.3d 533, 540 (4th Cir. 2013).

As a threshold matter, the Complaint is devoid of any allegations that Defendants Roberts and Johnson did anything to deprive Defendant of his right to due process. The Complaint does not allege that either of these individuals were responsible for sending the notice of garnishment, obtaining the Order of Withholding, or were personally responsible for the garnishment of Plaintiff's wages. Absent factual allegations that Defendants Roberts and Johnson were personally involved in the issuance of the garnishment order, Plaintiff's Section 1983 claim against them is subject to dismissal. See Savage v. Scales, 310 F. Supp. 2d 122, 130-31 (D.D.C. 2004) (finding Section 1983 claims against NCSEAA employee subject to dismissal because the complaint failed to allege that the employee was personally involved in the garnishment proceedings).

In fact, the only factual allegation related to Defendant Roberts is that he has not taken an oath of office and, thus, the NCSEAA has operated without the supervision of a sworn state officer. (Pl.'s Compl. ¶¶ 10-11.) Similarly, Plaintiff contends that Defendant Johnson knew that Defendant Roberts had not taken an oath of office but did nothing to stop the garnishment of Plaintiff's wages. (Pl.'s Memo. ¶ 4.) Plaintiff also alleges that Defendant Roberts refused to accept the check he sent NCSEAA. (Pl.'s Memo. ¶¶ 11-14.) Such factual allegations fail to set forth a Section 1983 claim based on procedural due process. In fact, any such claims are patently frivolous. Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** Count Two.[4]

### E. The Complaint Fails to State a Claim pursuant to the Fourth Amendment

The Fourth Amendment to the United States Constitution provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . ." U.S. Const.

---

4 Finally, the Court notes that Plaintiff does not allege that he failed to receive notice of the garnishment as required under 20 U.S.C. § 1095a or that Defendants failed to comply with any of the procedural requirements for garnishing wages pursuant to Section 1095a. See e.g. Savage, 310 F. Supp. 2d at 132-36 (addressing plaintiff's contention that he was denied due process because he did not receive notice of the garnishment proceedings); Nelson v. Diversified Collection Servs., Inc., 961 F. Supp. 863, 868-72 (D. Md. 1997) (addressing plaintiff's contention that she was denied due process because she did not receive notice of the garnishment proceedings). Here, Plaintiff received written notice of the garnishment thirty days prior to the initiation of the garnishment that informed Plaintiff of his right to request a hearing and right to enter into a written agreement to establish a schedule for repayment as required by 20 U.S.C. § 1095a. (Ex. E to Pl.'s Compl.) Having failed to avail himself of the procedural safeguards in the statute, Plaintiff may not complain that he was denied procedural due process. See e.g. Nelson, 961 F. Supp. at 871 ("[plaintiff] cannot claim that her due process rights were violated when she did not receive a hearing because she never requested such a hearing.")

amend. IV.  A seizure within the context of the Fourth Amendment occurs when "there is some meaningful interference with an individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113, 104 S. Ct. 1652 (1984).  The Fourth Amendment applies in both the criminal and civil context, and a seizure may occur even in the absence of an actual search.  Soldal v. Cook Cnty., 506 U.S. 56, 67, 113 S. Ct. 538 (1992).

The Section 1983 claim asserted against Defendants Johnson and Roberts for alleged violations of Plaintiff's right to be free from unreasonable seizures fails for the same reason that the due process claim fails – Plaintiff fails to set forth sufficient factual allegations that either of these individuals seized Plaintiff's property.  Rather, the Complaint alleges that Van Ru seized his property.  (See e.g. Pl.' Compl. ¶ 15.)   In order to assert a Section 1983 claim against Defendants Johnson and Roberts in their individual capacity, the Complaint must allege that these individuals unlawfully seized his property.  Finally, the Court notes that no unreasonable seizure occurred in this case as Plaintiff's wages were garnished pursuant to the procedures outlined in 20 U.S.C. § 1095a.  Accordingly, Count One is subject to dismissal for failure to state a claim, and the Court **RECOMMENDS** that the District Court **DISMISS** Count One.

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 7]. The Court **RECOMMENDS** that the District Court **DISMISS** the Complaint.

Signed: May 12, 2014

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).