UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:13-cv-00275-MOC-DLH

| | | |
|---|---|---|
| **JERRY JUSTIN TRENT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **THE STATE OF NORTH CAROLINA** | ) | |
| **RICHARD B. ROBERTS** | ) | |
| **WAYNE E. JOHNSON,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge recommended granting defendants' Motion to Dismiss and advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed and no response had been filed to those objections within the time allowed by Rule 72(b)(2), Federal Rules of Civil Procedure.

After considering plaintiff's Complaint and defendants' Motion to Dismiss, the magistrate judge determined that plaintiff had failed to state a claim against the State of North Carolina under Section 1983 as the state is not a "person" capable of being sued under that statute, the state has not waived its sovereign immunity, and plaintiff's claims against the state seek monetary relief. As to plaintiff's Equal Protection claims, the magistrate judge determined that the Complaint fails to state a claim against any of the

1

defendants as plaintiff failed to make any plausible allegations demonstrating that he was treated differently from any other similarly situated individual based on intentional and purposeful discrimination. The court further recommended that plaintiff's Seventh Amendment claim be dismissed as the Complaint contains no explanation of how these defendants violated his Seventh Amendment right to a jury trial.

As to plaintiff's Due Process Claim, he contends that that 20 U.S.C. §1095a has been unlawfully applied to him by defendants; however, to state a claim, plaintiff must be able to plausibly allege (1) a constitutionally cognizable life, liberty, or property interest; (2) that he was deprived of that interest by a state action, and (3) the procedures employed to deprive him of that interest were constitutionally inadequate. Sansotta v. Town of Nags Head, 724 F.3d 533, 540 (4th Cir. 2013). The magistrate judge recommended dismissal of the Due Process claim because plaintiff failed to allege that the individual defendants were personally involved in the wage garnishment of which he complains. Savage v. Scales, 310 F. Supp. 2d 122, 130-31 (D.D.C. 2004) (finding Section 1983 claims against NCSEAA employee subject to dismissal because the complaint failed to allege that the employee was personally involved in the garnishment proceedings). The magistrate judge is correct as plaintiff's only relevant allegations are that Defendant Roberts failed to take his oath of state office, that Defendant Johnson knew that Roberts had not taken that oath, and that NCSEAA was, therefore, operating unlawfully, and that Roberts refused to accept his check. Finding such allegations patently frivolous, the magistrate judge recommended dismissal of the procedural Due Process claims.

Plaintiff has also attempted to bring a Fourth Amendment claim for unlawful seizure of property. Again, plaintiff made no allegations against the named defendants, but instead contended that the Van Ru Credit Corporation, one of the collection agencies used by NCSEAA to collect federally backed student loans that are in arrears, unlawfully seized his wages. The magistrate judge recommended dismissal of this claim as no plausible allegations had been made against defendants and, as a matter of law and fact, his wages had been garnished in accordance with the procedures provided in Section 1095a.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

The court has carefully reviewed plaintiff's Objections, which, even when read in

a light most favorable to the *pro se* litigant, amount to general and conclusory allegations that do not point to any specific error of law or incorrect factual conclusion in the Memorandum and Recommendation. Fundamentally, the magistrate judge determined that plaintiff had been unable to connect his theory that his student loans had been cancelled through application of the Uniform Commercial Code to any cognizable cause of action. (Plaintiff contends his obligation was cancelled when a payment check he sent to NCSEAA was returned by the Post Office, and that the state's efforts to thereinafter collect on the debt somehow violated federal law.)

At least one other court has dealt with similar allegations against a state loan servicing agency, where a litigant also believed that her student loan obligation had been cancelled through operation of the UCC. In that case, Gordon v. Duncan, 2010 WL 1462555, 7 (D.Or. 2010), the court held, as follows:

> The UCC is a joint project of the National Conference of Commissioners on Uniform State Laws and the American Law Institute. … the UCC is binding and can form the basis of a claim only insofar as its provisions are incorporated into state law…. However, missing from Gordon's pleadings is any allegation bringing the transactions at issue ( *i.e.* student loans) within the scope of the UCC's or Oregon's transaction-specific provisions. The UCC and Oregon law include provisions governing sales of goods (ORS 72.1020), leases (ORS 72A.1020), negotiable instruments (ORS 73.0102), bank deposits and collections (ORS 74.1020), and various other commercial transactions. However, the applicability of those provisions is limited in scope to the particular types of transactions described. It is of no moment that the UCC or Oregon law impose an obligation of good faith on transactions within their scope if-as here-the particular transaction at issue is not within their scope. Accordingly, Gordon's claim for UCC Violations (Complaint, ¶¶ 37-39) should be dismissed with prejudice.

Id. at 7. North Carolina has, like Oregon, adopted the UCC. However, courts have long and consistently held that the student loans are *not* negotiable instruments. United States

4

v. Carter, 506 Fed.Appx. 853 (11th Cir. Jan. 2, 2013); United States v. Petroff–Kline, 557 F.3d 285, 290–91 (6th Cir. 2009) (rejecting defendant's argument that the original promissory notes had to be produced, and noting that photocopies are allowed into evidence as if they were originals, pursuant to Fed.R.Evid. 1003); Armstrong v. Accrediting Council for Continuing Educ. and Training, Inc., 168 F.3d 1362, 1364 (D.C.Cir. 1999) (noting that, although guaranteed student loans often change hands, they were not considered negotiable instruments, and assignees could not become holders in due course); Jackson v. Culinary School of Washington, 788 F.Supp. 1233, 1248 (D.D.C. 1992). Put in UCC terms, federally guaranteed student loan contracts cannot become negotiable instruments within the meaning of the UCC because they do not contain an *unconditional promise* or order *to pay* a *sum certain* as the loans are dischargeable in the event of death or disability of the student, see 20 U.S.C. § 1087(a)(1), and the time for repayment and amount of the eventual repayment are not "conclusively established at the time the student signs the promissory note due to numerous contingencies that are expressly allowed by operation of federal law." United States v. Carter, 506 Fed.Appx. at 858-59 (citations omitted).

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Objections (#15) are overruled, the Memorandum and Recommendation (#13) is **AFFIRMED,** the defendants' Motion Dismiss (#7) is **GRANTED,** and this action is **DISMISSED.**

Signed: June 19, 2014

Max O. Cogburn Jr.
United States District Judge